[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff, Lori Lynn Leonard, appeals from a summary judgment for Defendant, TWI Networks, Inc. ("TWI"), on Leonard's breach of contract claim.
TWI is in the business of providing highway traffic reports to local broadcast news media. Leonard was employed by TWI as a reporter from January 3, 1994 until July 21, 1995, the effective date of a notice of resignation that Leonard gave TWI on July 5, 1995. TWI continued paying Leonard's salary until July 21, 1995, but replaced her prior to that date with a new employee.
Leonard's employment by TWI was pursuant to a written Employment Agreement. The Agreement contains an integration clause which states that "[t]his Agreement shall constitute the entire agreement between the parties hereto and supersedes all existing agreement between the (sic) whether oral or written, with respect to the subject matter hereof." The agreement also states that "[n]o change, modification or amendment of this Agreement shall be of any effect unless in writing signed by Employee and by an authorized officer of the Employer."
Leonard commenced this action after she terminated her employment, claiming that TWI breached their contract by failing to reimburse her for certain expenditures that it promised to pay. Leonard also alleged that TWI had failed to notify her that she was eligible for COBRA continued health insurance coverage.
Leonard commenced this action in Cuyahoga County. It was transferred to Montgomery County after TWI's motion for change of venue was granted. The Montgomery County court referred the matter for arbitration. The arbitration panel awarded Leonard $264.03 on her claims. The trial court entered judgment on the award. Leonard appealed to this court, which reversed the judgment on a finding that Leonard had been denied a right to appeal the arbitration award to the trial court. Leonard v. TWINetworks, Inc. (March 28, 1998), Montgomery App. No. 16749, unreported. The case was then remanded.
On remand, the trial court granted summary judgment for TWI, finding that the integration clause of the Employment Agreement barred Leonard's breach of contract claims. The court also found that Leonard had failed to prove any modification of the written agreement to include those matters.
Leonard filed a timely notice of appeal. She presents five assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON THE APPELLANT'S BREACH OF CONTRACT CLAIMS.
Pursuant to Civ.R. 56(C), summary judgment may be granted only when no genuine issue of material fact is demonstrated by the evidentiary record and the court concludes that, on the basis of that record, the moving party is entitled to judgment on a claim or defense as a matter of law. In reviewing the record, the court must construe the evidence most strongly in favor of the party against whom the motion is made. Id.
In support of this assignment, Leonard states, at page 8 of her brief:
 "Further, in the Affidavit of the Appellant in support of her response to the Appellee's Motion for Summary Judgment, the Appellant testified that but for the additional verbal promises made by the Appellee's representative, she would not have entered into the contract. At its most basic level, a contract shows a meeting of the minds of the parties thereto. Although not included in the written agreement, it is clear that the Appellant considered these terms to be an essential part of the contract.
 There obviously exist a genuine issues of material fact regarding the oral modifications that were made to the contract between the parties, their extent, and the effects of the Appellee's breach thereof on the Appellant, and whether there was actually a meeting of the minds between the parties such that summary judgment was improperly granted."
The affidavit to which Leonard refers states, in pertinent part:
 "2. But for the verbal promises that were made to me by Scott Shively at my second interview in Cincinnati, I would not have entered into the employment contract with the Defendant;
 3. That said promises included but were not limited to promises of regular salary increases, reimbursement for moving expenses and reimbursement for out-of-pocket expenses incurred in the course of my employment."
Parol evidence, which includes evidence of oral statements, is inadmissible to vary the terms of an unambiguous written contract, absent an allegation of fraud. Ed Schory Sons, Inc. V.Society Nat'l. Bank (1996), 75 Ohio St.3d 433. Leonard has not alleged fraud. Neither does she contend that the integration clause of the written agreement is ambiguous. Therefore, the evidence on which Leonard relies is inadmissible to vary the terms of the written agreement, which expressly excludes the promises on which Leonard's breach of contract claim is founded.
Leonard argues that TWI should be barred from asserting the written employment agreement by the doctrine of promissory estoppel. Under that doctrine, one who, having a right, induces another to act on the belief that the right will not be asserted, will not be allowed after to exercise it. Kroll v. Close (1910),82 Ohio St. 190. Emerine v. O'Brien (1881), 36 Ohio St. 491.
It is apparent from the record that the oral promises of Scott Shively to which Leonard refers were made prior to the execution of their written Employment Agreement. Therefore, at the time the promises were made, TWI had no right under the Employment Agreement which it could promise to not assert. Further, pursuant to the written Employment Agreement, those prior oral promises are superseded by the terms of the Agreement. Therefore, on these facts promissory estoppel cannot apply.
Leonard no doubt believes that she was treated unfairly by TWI in these respects, and she probably was. However, the narrow question that we must answer is whether Leonard has a claim at law as a result. Our resolution should not be viewed as an endorsement of TWI's conduct, but only a rejection of Leonard's claim against TWI. The best protection against undue advantage of that kind is to insist that any oral promises on which a promisee intends to rely be made a part of any subsequent written agreement.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON THE APPELLANT'S COBRA CLAIM.
R.C. Chp. 3923 provides for continuation of an employee's employer-provided health insurance at the employee's expense for a period of time after termination of employment. R.C.3923.38(C)(2) states: "The employer shall notify the employee of the right of continuation at the time the employer notifies the employee of the termination of employment."
TWI did not notify Leonard of her right of continuation. However, the duty imposed on an employer in that regard by R.C.3923.38(C)(2) exists only when the employer terminates the employment contract. Here, Leonard terminated her employment by a letter to TWI dated July 5, 1995, effective July 21, 1995. TWI had no duty to notify her of her right of continuation.
Leonard cites and relies on Bank One Cleveland, N.A. v. Mason
(1990), 64 Ohio App.3d 723. In that case the employee resigned and, as Leonard did, gave notice prior to the effective date of her resignation. However, in Mason the employer then terminated the employee prior to that effective date. The court held that the termination triggered the notice requirements of R.C.3923.38(C)(2). TWI, though it replaced Leonard with another employee, continued to pay her salary through July 21, 1995, the effective date of her resignation. The two situations are thus distinguished.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON THE APPELLANT'S EMOTIONAL DISTRESS CLAIM.
Leonard argues that TWI created an atmosphere that caused her severe emotional distress. She relates incidents in which clients phoned her and complained of problems that they were having with TWI. According to Leonard, clients took out their anger with TWI on Leonard because no one else would respond to their phone calls. When Leonard relayed these complaints to her supervisor, he did not respond. Leonard also argues that TWI wished her to fail at her job so that it would have a reason to terminate her.
The rule of law for claims alleging emotional distress as a basis for relief states:
 One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
 Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, Syllabus by the Court. However, "in order to state a claim alleging the intentional infliction of emotional distress, the emotional distress alleged must be serious." Id. at 374. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 375 (quoting Restatement of the Law 2d, Torts (1965) 73, Section 46, cmt. d).
The trial court found that TWI's "behavior, and its effect on Plaintiff's welfare, as a matter of law did not progress `beyond all bounds of decency' that it would be `utterly intolerable in a civilized community.'" (Decision at 6).
We agree that the factual allegations that Leonard makes are insufficient as a matter of law to permit a finding that Leonard suffered emotional distress as a result of TWI's behavior. While taking complaints for TWI might have been annoying and stressful for Leonard, weighed objectively they cannot rise to the level of seriousness envisioned by Yeager, supra. The trial court correctly granted TWI's motion for summary judgment on Leonard's emotional distress claim.
Leonard's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON THE APPELLANT'S CONSTRUCTIVE DISCHARGE CLAIM.
Leonard claims that the conditions in which TWI required her to work created a "constructive discharge," for which TWI is liable on a breach of contract claim.
 The test for determining whether an employee was constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign.
 Maury v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, Syllabus by the Court, paragraph 4.
In support of her claim, Leonard argues:
 "[V]erbal harassment from customers, coupled with (TWI's) total lack of support, repeated and unfulfilled promises of salary increases, the refusal to reimburse (Leonard) for the required out-of-pocket expenses, and the knowledge that (TWI) planned to discharge her (which) all lead one to the conclusion that (Leonard) was constructively discharged by (TWI). Certainly, the certain knowledge that one is soon to be terminated can only lead to the conclusion that a reasonable person under the circumstances would feel compelled to resign rather than fact the stigma of a discharge."
(Brief, p. 12).
Leonard and TWI were each authorized by their contract to terminate it. We fail to see how TWI's alleged prior decision to do that created a condition that a reasonable person in Leonard's position could find to be "so intolerable" that he or she "would have felt compelled to resign" as a result. Id.
The other conditions that Leonard cites reflect a failure on TWI's part to respond to her legitimate requests for support and for reimbursement of expenses that she claims TWI promised to pay. Unfair as those matters may have appeared to Leonard, we agree with the trial court that a reasonable person would not have found them so intolerable that he or she would have felt compelled to resign for her employer's failure to respond to them.
The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY GRANTED THE APPELLEE'S MOTION FOR A CHANGE OF VENUE.
This claim could have been presented in Leonard's prior appeal to this court, but was not. Therefore, it is barred from litigation in any subsequent proceeding on the same claims for relief, including this appeal, by the doctrine of res judicata.Grava v. Parkman (1995), 73 Ohio St.3d 379.
 Conclusion
Having overruled all the assignments of error presented, we will affirm the judgment from which this appeal is taken.
WOLFF, J. and FAIN, J., concur.